# In the United States District Court
# for the Southern District of Georgia
# Brunswick Division

FILED
U.S. DISTRICT COURT
BRUNSWICK DIV.

2006 NOV 21  P 4: 11

CLERK _____

| | | |
|---|---|---|
| JERILYN C. BARKER, | : | CIVIL ACTION |
| Plaintiff, | : | |
| v. | : | |
| NEW ENERGY CORP., as Administrator for NEW ENERGY CORP. PENSION PLAN, | : | |
| Defendant. | : | NO. CV206-183 |

## O R D E R

Plaintiff, Jerilyn Barker, filed the above-captioned case against Defendant, New Energy Corp., as Administrator for New Energy Corp. Pension Plan ("New Energy"), alleging that she has been denied pension benefits in violation of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1000-1461 ("ERISA").

Presently before the Court is New Energy's motion to transfer the case to the Northern District of Indiana or, in the alternative, to dismiss for lack of personal jurisdiction. Because venue is proper in this district, the motion to

AO 72A
(Rev. 8/82)

transfer will be **DENIED**.    Because the Court has personal jurisdiction over New Energy, the motion to dismiss will be **DENIED**.


## BACKGROUND

Barker resides in Glynn County, Georgia.  New Energy is an ethanol supplier, with its sole place of business located in South Bend, Indiana.  Barker's late husband, Billy Cribbs, worked for New Energy in the 1980s, and he was a participant in the company's pension plan.  Barker is a spousal beneficiary under the terms of that plan.

According to Plaintiff's complaint, in May 2006, Barker became entitled to receive a joint and survivor annuity from the plan.  New Energy calculated her benefit at $181.12 per month, while Barker calculated the amount due at $402.38 per month.    Barker sought review of New Energy's determination with the company, alleging that the company erred in applying a provision from the 2003 amendments to the pension plan, rather than applying the definition contained in the 1985 plan document.    On June 25, 2006, Barker exhausted her administrative remedies.  In July 2006, Barker initiated this

2

AO 72A
(Rev. 8/82)

action in the Glynn County Superior Court.  In August 2006, New Energy removed the case to this Court.

**STANDARD ON A MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

New Energy seeks transfer or dismissal of this action, pursuant to Federal Rule of Civil Procedure 12(b)(2), lack of jurisdiction over the person, and Rule 12(b)(3), improper venue.

"The plaintiff has the burden of establishing a prima facie case of personal jurisdiction over a nonresident defendant. . . .  'A prima facie case is established if the plaintiff presents enough evidence to withstand a motion for directed verdict.'"  Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268-69 (11th Cir. 2002)(quoting Madara v. Hall, 916 F.2d 1510, 1514 (11th Cir. 1990)).

Where an objection has been raised pursuant to Federal Rule of Civil Procedure 12(b)(3), there is a split in authority regarding which party bears the burden of proof on a motion to dismiss for improper venue.

> [T]he position that probably represents the weight of judicial authority, is that, when an objection has been raised, the burden is on the plaintiff to establish that the district he or she has chosen is a proper venue. . . .  This approach is consistent

3

> with the plaintiff's threshold obligation to show
> that the case belongs in the particular district
> court in which suit has been instituted.

15 Charles Alan Wright, Arthur R. Miller & Edward H. Cooper,

Federal Practice and Procedure § 3826 (2006 Supp.).


**<u>DISCUSSION</u>**

New Energy argues that venue is not proper in Georgia because an ERISA action may only "be brought in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found[.]" 29 U.S.C. § 1132(e)(2) (1999).

A majority of courts confronted with the question of where a breach takes place, within the meaning of § 1132(e)(2), have found that it occurs where performance was to occur; that is, where the non-receiving party resides. Inasmuch as an ERISA action to recover benefits is, at bottom, a breach of contract case, the courts have looked to principles of contract law to support this conclusion. <u>See</u> <u>Cross v. Fleet Reserve Pension Plan</u>, 383 F. Supp. 2d 852, 856 (D. Md. 2005)(citing cases); <u>Keating v. Whitmore Mfg. Co.</u>, 981 F. Supp. 890, 892-93 (E.D.

AO 72A
(Rev. 8/82)

Pa. 1997); <u>see also</u> <u>Am. Carpet Mills v. Gunny</u>, 649 F.2d 1056, 1059 (5th Cir. 1981).[1]

This conclusion is buttressed by ERISA's liberal venue provision, which was enacted to provide plan beneficiaries broad access to the federal courts. "A potential ERISA plaintiff is granted a wide choice of Federal court venue, liberal service of process rules and relief from the jurisdictional amount requirement." <u>Bonin v. Am. Airlines, Inc.</u>, 621 F.2d 635, 636, n.1 (5th Cir. 1980). "Thus, the issue of venue must be approached with the broad Congressional policy favoring free access to federal courts in mind." <u>Turner v. CF&I Steel Corp.</u>, 510 F. Supp. 537, 542 (E.D. Pa. 1981).

> When faced with the typical ERISA [plaintiff] — an individual policyholder, . . . a broad personal jurisdiction provision is understandable. In enacting Section 1132(e)(2), Congress wanted to ensure that the federal and state courts were accessible to ERISA participants and beneficiaries, and that deserving plaintiffs were not denied recovery because they did not have the resources to file suit in another state. <u>See</u> S.Rep. No. 127, 93rd Cong., (1973), reprinted in 1974 U.S.C.C.A.N. 4838, 4871; H.Conf. Rep. No. 1280, 93rd Cong., (1973), reprinted in 1974 U.S.C.C.A.N. 5038, 5107.

---

[1] In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all Fifth Circuit decisions handed down prior to the close of business on September 30, 1981.

*Willingway Hosp. v. Blue Cross & Blue Shield*, 870 F. Supp. 1102, 1109 (S.D. Ga. 1994); *see also Gulf Life Ins. Co. v. Arnold*, 809 F.2d 1520 (11th Cir. 1987).

Moreover, where a plaintiff files suit in her home forum, that choice of venue is entitled to substantial deference. *In re Ricoh Corp.*, 870 F.2d 570, 573 (11th Cir. 1988); *Duckworth v. Med. Electro-Therapeutics, Inc.*, 768 F. Supp. 822, 831 (S.D. Ga. 1991)(plaintiff's choice of venue should not be disturbed unless it is clearly outweighed by other factors).

In establishing a retirement plan, New Energy should have been cognizant of the fact that participants would move to other parts of the country following their work in Indiana. Plaintiff argues that it would be unfair to require all beneficiaries to return to Indiana to seek redress under ERISA, and that a case should not be transferred only to shift the convenience from one party to the other. *Peridyne Tech. Solutions v. Matheson Fast Freight*, 117 F. Supp. 2d 1366, 1374 (N.D. Ga. 2000).

To the contrary, Defendant argues that the alleged breach occurred in Indiana. New Energy has its sole place of business in Indiana, and it administers the plan in that state. Barker's husband worked in Indiana, earning his pension credits

6

there.  While there is limited case law to support New Energy's argument, the Court finds the authorities cited by Defendant on this point to be either unpersuasive or readily distinguishable.  <u>Boyer v. J. A. Majors Co. Employees' Profit Sharing Plan</u>, 481 F. Supp. 454, 458-59 (N.D. Ga. 1979); <u>Delta Airlines, Inc. v. W. Conf. of Teamsters Pension Trust Fund</u>, 722 F. Supp. 725, 728 (N.D. Ga. 1989)(in a case involving a non-beneficiary, corporate plaintiff, venue was improper in district where there was "little or no logical connection" between the proposed forum and the litigation).

New Energy argues that Barker's interpretation of the venue provision is inconsistent with the statutory language, because Congress did not provide for venue "wherever an ERISA claimant resides."  However, the Court concludes that New Energy's preferred reading of the statute is less faithful to the law's plain meaning.  Under New Energy's approach, the "breach" occurs where the plan is administered.  Such an interpretation essentially reads part of the statute out of existence, because venue is proper, among other places, either "where the plan is administered" <u>or</u> "where the breach took place[.]"  29 U.S.C. § 1132(e)(2) (1999).

7

A basic canon of statutory construction disfavors rendering part of a law void or superfluous. Thus, the Court is unpersuaded that the breach of the pension plan contract always, or usually, takes place where the plan is administered. Nonetheless, this conclusion does not imply that the breach always takes place where the beneficiary is located. See, e.g., Cross, 383 F. Supp. 2d at 856 (where claim asserts only a breach of fiduciary duty, and not a claim for benefits due, the breach occurs where fiduciary acts or fails to act).

Consequently, venue is proper in this district, where Barker was allegedly denied pension benefits in violation of ERISA.[2]

_____

[2]

For the reasons described above, Defendant's related arguments for transfer or dismissal of the action are also unavailing. The Court declines to transfer the case on forum non conveniens grounds. As Plaintiff notes, this type of case is essentially an appeal, and is typically decided on the administrative record without the need to call live witnesses.

The Court also rejects Defendant's argument that the Court lacks personal jurisdiction over it. New Energy purposefully availed itself of the protection of federal law, and it is reasonable to expect it to assume the burden of litigating within the United States. Nor can Defendant show that exercising jurisdiction over it would offend "traditional notions of fair play and substantial justice." Duckworth, 768 F. Supp. at 829-30. Indeed, in an ERISA action, personal jurisdiction is satisfied by virtue of the statute's nationwide service of process provision. E.g., Bellaire Gen. Hosp. v. Blue Cross Blue Shield, 97 F.3d 822, 825-26 (5th Cir. 1996); Schrader v. Trucking Employees of N.J. Welfare Fund, Inc., Pension Fund, 232 F. Supp. 2d 560, 570-72 (M.D.N.C. 2002).

AO 72A
(Rev. 8/82)

## CONCLUSION

For the reasons explained above, Defendant's motion to transfer is **DENIED**. Because the Court has personal jurisdiction over Defendant, the motion to dismiss is also **DENIED**. Dkt. No. 6.

**SO ORDERED**, this ____21st____ day of November, 2006.


_____
JUDGE, UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)